IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BARRY DWAYNE MINNFEE,<br>　　　　Petitioner,<br><br>v.<br><br>RICK THALER, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　　Respondent. | §<br>§<br>§<br>§　　Civil Action No. 4:11-CV-791-Y<br>§<br>§<br>§<br>§<br>§ |

## FINDINGS, CONCLUSIONS AND RECOMMENDATIONS
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendations of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

**A.    Nature of the Case**

This is a purported petition for writ of habeas corpus by a state prisoner pursuant to 28 U.S.C. § 2254.

**B.    Parties**

Petitioner, Barry Dwayne Minnfee, TDCJ ID #1300468, is a state prisoner currently confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ) in Huntsville, Texas.

Respondent, Rick Thaler, is Director of TDCJ. No service has issued upon Respondent.

**C.     Procedural History**

Petitioner is serving a life sentence on a 2005 state court conviction for robbery in cause number 49678-D in the 320th District Court of Potter County, Texas.[1]

**D.     Discussion**

By way of this petition, which is essentially illegible, petitioner appears to complain that he is being housed with inmates who are his "known enemies," and TDCJ will not give him "safekeeping status," or otherwise protect him from his enemies. (Pet. at 6-7) He seeks transfer of the inmates to another unit, monetary damages, and attorney's fees.

Rule 4 of the Rules Governing Section 2254 Cases in federal district courts authorizes a habeas corpus petition to be summarily dismissed when it appears that the petitioner is not entitled to relief.[2] Moreover, the Fifth Circuit has recognized a district court's authority under Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

---

[1] Telephonic communication with the Potter County District Clerk's Office confirmed this information.

[2] Section 2243, governing applications for writ of habeas corpus, provides:

A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person is not entitled thereto.*

28 U.S.C. § 2243(emphasis added).

Rule 4 of the Rules Governing Section 2254 Cases provides:

> The original petition shall be promptly presented to a judge of the district court in accordance with the procedure of the court for the assignment of its business. The petition shall be examined promptly by the judge to whom it is assigned. *If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.*

RULES GOVERNING SECTION 2254 CASES, RULE 4 (emphasis added).

2

Petitioner's claims do not concern the fact or duration of his confinement, and a favorable ruling would not automatically entitle him to accelerated release. *Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997). Instead, petitioner's claims concern alleged safety issues, which are related to the conditions of his confinement. Thus, his claims are not cognizable in a § 2254 petition. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (stating "[c]onstitutional claims that merely challenge the conditions of a prisoner's confinement . . . fall outside the 'core' of habeas corpus and may be brought pursuant to § 1983 in the first instance"); *Carson*, 112 F.3d at 820 (a petition for a writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody, whereas a complaint pursuant to 42 U.S.C. § 1983 provides the proper avenue to challenge unconstitutional conditions of confinement and prison procedures); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (holding that the core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner challenges the fact or duration of his confinement or merely the rules, customs, and procedures affecting conditions of confinement). Petitioner's claims are properly brought pursuant to a civil rights action under 42 U.S.C. § 1983.

## II. RECOMMENDATION

It is therefore recommended that this petition be dismissed without prejudice for lack of jurisdiction so that petitioner may pursue a civil rights suit pursuant to 42 U.S.C. §1983, if he so desires.

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until December 5, 2011. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

### IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until December 5, 2011, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November __14__, 2011.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE