```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF TEXAS
                   FORT WORTH DIVISION

BARRY DWAYNE MINNFEE,            §
                                 §
VS.                              §   CIVIL ACTION NO.4:11-CV-791-Y
                                 §
RICK THALER,¹                    §
Director, T.D.C.J.               §
Correctional Institutions Div.   §
```

ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND CONCLUSIONS
AND ORDER DENYING CERTIFICATE OF APPEALABILITY
(With special instructions to the clerk of Court)

In this action brought by petitioner Barry Dwayne Minnfee under 28 U.S.C. § 2254, the Court has made an independent review of the following matters in the above-styled and numbered cause:

1. The pleadings and record;

2. The proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 14, 2011; and

3. The petitioner's written objections to the proposed findings, conclusions, and recommendation of the United States magistrate judge filed on November 28, 2011.

The Court, after **de novo** review, concludes that Petitioner's objections must be overruled, and that the petition for writ of habeas corpus should be dismissed for the reasons stated in the magistrate judge's findings and conclusions.

Therefore, the findings, conclusions, and recommendation of the magistrate judge are ADOPTED.

Petitioner Barry Dwayne Minfee's petition for writ of habeas corpus under 28 U.S.C. § 2254 is DISMISSED for lack of jurisdiction

---

[1] Petitioner named as respondents Jorge Rave, Douglas Fontonton, and Howard Rosson. The only proper respondent in a petition under 28 U.S.C. § 2254 filed by an inmate in the Texas Department of Criminal Justice, Correctional Institutions division, is Director Rick Thaler, and he should be listed as the only respondent. The clerk of court should note this on the docket.

without prejudice to his right to pursue relief in a civil rights action.

*Certificate of Appealability*

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.[2] Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] The COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."[4] A petitioner satisfies this standard by showing "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists of reason could conclude the issues presented are adequate to deserve encouragement to proceed further."[5]

Upon review and consideration of the record in the above-referenced case as to whether petitioner Minnfee has made a showing that reasonable jurists would question this Court's rulings, the Court determines he has not and that a certificate of appealability should not issue for the reasons stated in the November 14, 2011, Findings, Conclusions, and Recommendation of the United States

---

[2] *See* Fed. R. App. P. 22(b).

[3] RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, RULE 11(a) (December 1, 2009).

[4] 28 U.S.C.A. § 2253(c)(2)(West 2006).

[5] *Miller-El v. Cockrell,* 537 U.S. 322, 326 (2003), *citing Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Magistrate Judge.[6]

Therefore, a certificate of appealability should not issue.

SIGNED December 5, 2011.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[6] Fed. R. App. P. 22(b); *see also* 28 U.S.C.A. § 2253(c)(2)(West 2006).